UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


CHRISTOPHER BROOKS,

                    Petitioner,                Case No. 2:08-cv-51
                                                HON. R. ALLAN EDGAR

v.

GREGG MCQUIGGIN,

                    Respondent.

_____/


## REPORT AND RECOMMENDATION

        Petitioner prisoner Christopher Brooks has filed this petition for writ of habeas corpus

challenging the validity of his misconduct conviction for disobeying a direct order and creating a

disturbance.  The misconduct was described in the major misconduct report:

> On the above time and Place [September 20, 2007], I stated to Brooks
> #251955 from approx. 5 feet away with direct eye to eye contact.
> "Brooks I am giving you a direct order to go back to your cell."
> Brooks stated to me " No I want to see a Sergeant." I again stated my
> order to Brooks, who stated to me. "I am not going anywhere until I
> see a Sergeant."  Brooks stated these words in a loud angry tone,
> where I had to sent the unit porters to the other side of the unit and the
> bubble officer called for more staff.  Brooks I'd by cell door card and
> housing unit 6 master court board.

Petitioner was found guilty after a hearing on September 25, 2007, and given 30 days of detention

and 30 days loss of privileges.  Petitioner maintains that his conviction was obtained in violation of

his federal rights.  The respondent has filed an answer and has complied with Rule 5 of the Rules

Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the

issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing

United States Magistrate Judges to submit proposed findings of fact and recommendation for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner claimed the evidence was insufficient to sustain the guilty finding. Thereafter, petitioner filed a motion to amend his petition to add a due process claim. Petitioner's motion was granted. Petitioner claims that the porters who allegedly were sent to the other side of the unit were not identified and petitioner could not call them as witnesses during the misconduct hearing. Petitioner claims that if he could have called the unknown porters as witnesses they each would have testified that petitioner complied with the order and that petitioner did not create a disturbance.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or and unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of AEDPA, a federal court must find a violation of law "clearly established" by holding of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decisions. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the sate court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoners's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgement that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* At 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams,* 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

*cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent first argues that petitioner never attempted to exhaust his claim in the state courts. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner failed to exhaust his habeas claims because he failed to properly raise them in the state courts. Petitioner states he filed a petition for judicial review with Ingham County Circuit Court on June 24, 2008, but his petition was returned because he did not pay the initial partial filing fee of $10.30. Petitioner does not explain why he failed to pay the filing fee. The filing fee is mandated by state law statute and the partial filing fee was calculated based upon a review of petitioner's prison bank account. Petitioner did not file an appeal with either the Michigan Court

of Appeals nor the Michigan Supreme Court. Petitioner claims that he did appeal because he already owed the appellate courts money from previous unpaid filings. It appears that petitioner no longer has an avenue to appeal his claims in the state courts because they would now be untimely. Because Petitioner does not have any procedure available in the state courts, in the opinion of the undersigned, his claim is procedurally defaulted. Petitioner may attempt to overcome his procedural default by claiming that it is unfair for him to have to pay a partial filing fee when he did not have the funds to make payment. It clear that petitioner made no attempt to appeal the return of his request for judicial review for failing to pay a partial filing fee. Moreover, petitioner has not shown that he undertook any action to have the partial filing fee waived or the denial reviewed by the District Court Judge. *See Bridges v. Collette*, 2008 WL 53771, *slip op.* (W.D. Mich. Jan. 2, 2008), holding that Mich. Comp. Laws § 600.2963(8), read in conjunction with § 600.2963(7), was constitutional because judges are allowed to waive the rejection of suits brought by indigent suitors with unpaid balances.

Moreover, even if the court reviewed the petition, the claims clearly lack merit. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. MCL § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his

misconduct hearing. Moreover, the hearing officer's conclusion that petitioner was guilty of the misconduct charge was supported by the record.

> Prisoner told Officer Reeder that he did not want to come to his hearing. I take this as a voluntary waiver of prisoner's right to attend his hearing. I therefore will enter a not guilty plea on his behalf. Prisoner presented a written statement through Officer Reeder.

> 020 The reporter and staff statements are convincing in detailing that the reporter told prisoner from about five feet away with direct eye contact to go back to his cell. Prisoner heard the reporter, as evidenced by his reply, "No, I want to see a sergeant." Prisoner voluntarily failed to comply with the order by not returning to his cell. Prionser [sic] says he complied with the order by returning to his cell. However, Officer Miller, who was in the bubble details that prisoner did not lock up until he saw additional staff coming.

> 030 Prionser [sic] says he did not create a disturbance. However, staff members detail how prisoner used a loud voice saying he would not lock up. Additional staff was called over to the unit due to prisoner's behavior. Also, the reporter found it necessary due to prisoner's behavior to send porters to the other side of the unit. Prisoner created a disturbance among others.

It is clear that petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has

failed to show that his constitutional rights were denied by insufficient evidence or the hearing officer's findings.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court withing fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley          
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  June 9, 2010